IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


THE BELLAS COMPANY, *et al.*,

       Plaintiffs,


   vs.                             Civil Action 2:15-cv-873
                                     Judge Watson
                                     Magistrate Judge King

PABST BREWING COMPANY,

       Defendant.


## ORDER

On July 15, 2015, the Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b). *Preliminary Pretrial Order*, ECF No. 23.  Following that conference, the Court issued an order bifurcating the issues in this case and establishing certain case deadlines:

> Plaintiffs propose, and this Court agrees, that the issues should be bifurcated. Specifically, discovery and proceedings will first be limited to the applicability of O.R.C. § 1333.85(D). If the Court determines that the statute applies, the Court will then establish a schedule for resolving the issue of diminished value. . . .
>
> Discovery related to the issue of the applicability of O.R.C. § 1333.85(D) must be completed by September 1, 2015.
>
> Motions for summary judgment on the issue of the applicability of O.R.C. § 1333.65(D) must be filed no later than September 15, 2015, unless otherwise ordered by the Court.

*Id*. at 2-3.

On August 25, 2016, the Court again conferred with counsel for the parties, addressing plaintiffs' request to extend the September 1,

2015 discovery completion date relating to the applicability of O.R.C. § 1335.85(D) and to suspend the date by which motions for summary judgment, addressing only the issue of the applicability of the statute, be filed.  *Order*, ECF No. 28, p. 1 ("the August 25, 2015 *Order*").  The Court extended the deadline for completing discovery relevant to the applicability of the statue to September 11, 2015, but declined to extend the September 15, 2015 deadline for filing motions for summary judgment on that issue.  *Id*. at 1-2.

Thereafter, plaintiffs objected to the August 25, 2015 *Order*, *Plaintiffs' Objections*, ECF No. 29 ("*Objections*"), and moved to modify the case schedule, seeking a 30-day extension of the deadlines for completing discovery and filing motions for summary judgment. *Plaintiffs' Motion to Modify Case Schedule*, ECF No. 30 ("*Motion to Modify*").  In support of these requests to extend the case deadlines, plaintiffs complain, *inter alia*, that defendant improperly redacted over half of the documents it produced on September 4, 2015, based on defendant's purported belief that the redacted information was irrelevant.  *See*, *e.g.*, ECF No. 29, pp. 3, 5; ECF No. 30, pp. 2-3; ECF No. 35, p. 3.  Plaintiffs also argue that the need to depose certain key individuals who were not identified until shortly before the discovery cut-off, *inter alios*, Rich Pascucci and Rosemary Sarabia-Mata, warrants extending the case schedule.  *See*, *e.g.*, ECF No. 29, p. 6; ECF No. 30, p. 3; ECF No. 35, pp. 1, 4-9.  Plaintiffs go on to argue that additional time for discovery is necessary because defendant has refused to produce any documents that pre-date the

2

change in ownership.  *See*, *e.g.*, ECF No. 29, pp. 3, 5; ECF No. 30, p. 2; ECF No. 35, pp. 3-4.  Defendant has opposed the *Objections* and *Motion to Modify*, *see* ECF Nos. 31, 58, which are pending consideration by the assigned District Judge.

Thereafter, *Plaintiffs' Motion to Compel Discovery*, ECF No. 44 ("*Motion to Compel*") was filed.  Plaintiffs seek an order compelling, *inter alia*, the depositions of Mr. Pascucci and Ms. Sarabia-Mata; a privilege log and production of documents redacted on a basis other than privilege; and production of responsive documents, including, *inter alia*, emails/documents that pre-date the change in ownership. *See generally id*.  Stated differently, plaintiffs have filed a separate motion seeking the discovery identified in plaintiffs' pending *Objections* and *Motion to Modify*.  Resolution of the *Motion to Compel* therefore implicates these pending motions.  Under these circumstances, the Court concludes that resolution of the *Objections* and *Motion to Modify* should precede resolution of the *Motion to Compel*.

Accordingly, *Plaintiffs' Motion to Compel Discovery*, ECF No. 44, is **DENIED without prejudice to renewal**, if appropriate, following resolution of *Plaintiffs' Objections*, ECF No. 29, and *Plaintiffs' Motion to Modify Case Schedule*, ECF No. 30.


January 11, 2016                               *s/Norah McCann King*
                                              Norah McCann King
                                        United States Magistrate Judge


3